UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Adrian Arturo Viloria Aviles,<br><br>　　　　　　　　　Petitioner,<br><br>　v.<br><br>Donald J. Trump, *et al.*,<br><br>　　　　　　　　　Respondents. | Case No. 2:25-cv-00611-GMN-DJA<br><br>**Order Granting Preliminary Injunction** |

　　　Petitioner Adrian Arturo Viloria Aviles seeks habeas corpus relief under 28 U.S.C. § 2241 in relation to the Respondents' efforts to remove him from the United States. On April 16, 2025, this Court held a hearing with respect to the Temporary Restraining Order, (ECF No. 7), entered the previous day. Having considered the representations of both parties at that hearing, the Court will grant a Preliminary Injunction as set forth below.

## Facts

　　　The Court makes the following preliminary findings based on documents filed in this case and the representations made by counsel at the April 16 hearing. Petitioner is a citizen of Venezuela, who entered the United States in August 2023. In September, Petitioner completed a credibility determination and was permitted to reside in Salt Lake City until he was arrested and detained by Immigration Customs & Enforcement ("ICE") in Utah on or about February 17, 2025. Petitioner was subsequently transferred to the Nevada Southern Detention Center ("NSDC"), where he was located when he filed the § 2241 Petition in this case in the District of Nevada on April 3, 2025. He remained at NSDC until the following day, April 4, 2025, when ICE officials relocated Petitioner to a facility in New Mexico. On or about April 14, 2025, ICE again relocated the Petitioner to the Bluebonnet Detention Facility in Texas.

Petitioner was identified for the first time as a member of Tren de Aragua ("TdA") on an I-213 form, Record of Admissible/Inadmissible Alien, completed by an ICE deportation officer on February 17, 2025. A Proclamation issued by President Trump on March 14, 2025, invokes the Alien Enemies Act of 1798 ("AEA") to summarily remove TdA members from the United States. Invocation of the Alien Enemies Act Regarding the Invasion of the United States by Tren de Aragua, 90 Fed. Reg. 13033 (March 14, 2025).[1]

The Government represents that Petitioner is not currently in removal proceedings under the AEA and that the removal proceedings are instead being conducted pursuant to 8 U.S.C. § 1229a. Petitioner was scheduled for a bond hearing on April 9, 2025; however, that immigration judge determined it did not have jurisdiction because Petitioner had been moved from New Mexico to Texas. Petitioner had a Master hearing on April 16, 2025, before an Immigration Judge in Chaparral, New Mexico, at which he appeared remotely. At the April 16 hearing, a hearing on the merits of Petitioner's challenges to removal was scheduled for June 20, 2025.

## Injunctive Relief

Although Petitioner has not been designated for removal under the AEA, the parties have agreed to the issuance of a preliminary injunction under the terms set forth below because no guarantees can be made that the basis for Petitioner's removal will not be changed before the hearing set for June 20. Further, the Government cannot explain why Petitioner was transported to Texas, where the Government previously removed AEA deportees from, if his removal proceedings are not pursuant to the AEA. The Court concludes that a preliminary injunction to maintain the status quo and to preserve this Court's jurisdiction is warranted. *See* 28 U.S.C. § 1651(a). The Court recognizes that, at this point, Petitioner appears to be receiving the due process to which he is entitled under 8 U.S.C. § 1229a and, as such, he may not succeed on the

---

[1] The Proclamation states: "all Venezuelan citizens 14 years of age or older who are members of TdA [Tren de Aragua], are within the United States, and are not actually naturalized or lawful permanent residents of the United States are liable to be apprehended, restrained, secured, and removed as Alien Enemies."

merits of his pending habeas petition.[2] Even so, Petitioner has raised legitimate concerns that the Respondents may attempt to immediately remove him under the AEA. Petitioner has recently been identified by the Respondents as an "active" member of TdA. ECF No. 6-1 at 41. In addition, less than two weeks after relocating Petitioner to a facility in New Mexico, and despite having an immigration hearing scheduled to occur there, ICE moved Petitioner to a facility in Texas, where the government has been moving Venezuelan men designated for immediate removal under the AEA. These concerns merit providing injunctive relief because they raise serious questions going to the merits. *See All. For Wild Rockies v. Cottrell*, 632 F.3d at 1134–35 (9th Cir. 2011) (holding that an "injunction is appropriate when a plaintiff demonstrates . . . that serious questions going to the merits were raised and the balance of hardships tips sharply in plaintiff's favor.").

Petitioner's removal under the AEA would cause immediate and irreparable injury to Petitioner because it appears that removal would deprive this court of jurisdiction without any assurance that he has been afforded the due process to which he is entitled. The Supreme Court has most recently clarified that individuals detained under the AEA "must receive notice . . . that they are subject to removal under the Act[,]" and the "notice must be afforded within a reasonable time and in such a manner as will allow them to actually seek habeas relief in the proper venue before such removal occurs." *Trump v. J. G. G.*, No. 24A931, 2025 WL 1024097, at *2 (U.S. Apr. 7, 2025). Respondents have yet to explain, however, the type of notice they intend to provide or how much time they will give Petitioner before seeking to remove him under the AEA. Thus, there is currently no guarantee that the Petitioner will be provided a reasonable opportunity to challenge his deportation if the Respondents were to change his designation and remove him under the Act.[3] Furthermore, if the United States erroneously removed an

---

[2] *See Makekau v. State*, 943 F.3d 1200, 1204 (9th Cir. 2019) ("In several prior cases, the Supreme Court has expressly disavowed any view of the merits when addressing a party's request for an All Writs Act injunction.").

[3] Petitioner alleges that, at a recent hearing in the Southern District of Texas, "the government said they had not ruled out the possibility that individuals will receive no more than 24 hours' notice." ECF No. 6 at 4.

individual based on the Proclamation, a substantial likelihood exists that the individual could not be returned to the United States. *See Abrego Garcia v. Noem*, No. 25-1345, 2025 WL 1021113, at *4 (4th Cir. Apr 7, 2025) (Thacker, J., concurring) (noting the United States' argument that a district court lacks the jurisdiction to compel the Executive Branch to return an erroneously removed alien to the United States).

Notwithstanding the Court's serious concerns, the Court does not wish to intervene any more than necessary to maintain the status quo consistent with the Respondent's representations. Accordingly, after much discussion, the parties have agreed the following language will promote the interests of both parties.

Accordingly,

**IT IS ORDERED** that a limited preliminary injunction is **GRANTED**. The Government is prohibited from removing the Petitioner from the United States until after his merits hearing that is currently scheduled for June 20, 2025. Any party can file a document requesting the Court to alter this Preliminary Injunction Order for good cause.

**IT IS FURTHER ORDERED** that the Government's Response to the Petition remains due April 21, 2025, unless an alternate briefing schedule is provided by the parties.

Dated: April 17, 2025

_____
U.S. District Judge Gloria M. Navarro