SIGAL CHATTAH
Acting United States Attorney
District of Nevada
Nevada Bar No. 8264
CHRISTIAN R. RUIZ
Assistant United States Attorney
501 Las Vegas Blvd. So., Suite 1100
Las Vegas, Nevada 89101
Phone: (702) 388-6336
Fax: (702) 388-6787
Christian.Ruiz@usdoj.gov

*Attorneys for the Federal Respondents*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| Adrian Arturo Viloria Aviles,<br><br>   Petitioner,<br><br>   v.<br><br>Donald J. Trump, Pamela J. Bondi, Kristi Noem, Madison Sheahan, Marco Rubio, Jason Knight, Christopher Chestnut,<br><br>   Respondents. | Case No. 2:25-cv-00611-GMN-DJA<br><br>**Joint Stipulation and Order of Dismissal** |

Respondents Donald J. Trump, Pamela J. Bondi, Kristi Noem, Madison Sheahan, Marco Rubio, and Jason Knight (collectively, "Federal Respondents") and Adrian Arturo Viloria Aviles ("Petitioner" or "Viloria Aviles"), by and through their undersigned counsel, hereby stipulate to the dismissal without prejudice of each and every cause of action alleged in the Petition for Writ of Habeas Corpus filed in this case (ECF No. 1), each party to bear its own fees and costs.

DHS informed undersigned counsel that Viloria Aviles has been removed to Venezuela. On June 20, 2025, the Otero Immigration Court issued a final order of removal in Viloria Aviles' underlying removal proceedings. Ex. A, at 2. During the proceedings, Viloria Aviles withdrew his applications for asylum, withholding of removal, and protection against torture (*id.* at 3). The Immigration Judge ordered that Viloria Aviles be removed to Venezuela, and Viloria Aviles waived his right to appeal. *Id.* at 6. His waiver rendered the Order of the Immigration Judge a final order of removal.

Counsel for the Federal Respondents and counsel for Petitioner have conferred regarding the Petition for Writ of Habeas Corpus and agreed to its dismissal.

Respectfully submitted this 7th day of August 2025.

| | |
|---|---|
| **UNLV IMMIGRATION CLINIC**<br>*/s/ Melissa Corral*<br><br>MELISSA CORRAL<br>Nevada Bar. No. 14182<br>MICHAEL KAGAN<br>Nevada Bar No. 12318C<br>DANIEL GALINDO<br>Bar No. 292854<br>LEE GELERNT<br>Bar No. 2502532<br>SADMIRA RAMIC<br>Nevada Bar No.: 15984<br>CHRISTOPHER M. PETERSON<br>Nevada Bar No. 13932<br>*Attorneys for Petitioner* | SIGAL CHATTAH<br>Acting United States Attorney<br><br> */s/ Christian R. Ruiz*<br>CHRISTIAN R. RUIZ<br>Assistant United States Attorney<br><br>*Attorneys for Federal Respondents* |

**IT IS SO ORDERED:**

_____
**United States District Judge**

DATED: August 8, 2025

# Exhibit A

Executed I-205 Form

DEPARTMENT OF HOMELAND SECURITY
U.S. Immigration and Customs Enforcement

## WARRANT OF REMOVAL/DEPORTATION

Subject ID: ███
File No: ███ ███████
Event No: EGT2308001722
Date: June 23, 2025

**To any immigration officer of the United States Department of Homeland Security:**

ADRIAN ARTURO VILORIA-AVILES
(Full name of alien)

who entered the United States at   EAGLE PASS, TX   on   August 30, 2023
                                  (Place of entry)              (Date of entry)

is subject to removal/deportation from the United States, based upon a final order by:

[x] an immigration judge in exclusion, deportation, or removal proceedings
[ ] a designated official
[ ] the Board of Immigration Appeals
[ ] a United States District or Magistrate Court Judge

and pursuant to the following provisions of the Immigration and Nationality Act:

212(a)(6)(A)(i) and 212(a)(7)(A)(i)(I)

I, the undersigned officer of the United States, by virtue of the power and authority vested in the Secretary of Homeland Security under the laws of the United States and by his or her direction, command you to take into custody and remove from the United States the above-named alien, pursuant to law, at the expense of:
Salaries and Expenses, Department of Homeland Security 2025

C 05609 GLOYD        [signature]
                     (Signature of immigration officer)

                     SDDO
                     (Title of immigration officer)

                     June 23, 2025, ANSON, TX
                     (Date and office location)

Alien No: 246 871 105

To be completed by immigration officer executing the warrant: Name of alien being removed:
ADRIAN ARTURO VILORIA-AVILES

Port, date, and manner of removal: _____ JUN 3 0 2025

Photograph of alien removed

Right index fingerprint of alien removed

X  Refused to Sign
(Signature of alien being fingerprinted)

J 5909 NICHOLSON - BO
(Signature and title of immigration officer taking print)

Departure witnessed by: G. Hinojosa DO
(Signature and title of immigration officer)

If actual departure is not witnessed, fully identify source or means of verification of departure:

_____
_____
_____
_____

If self-removal (self-deportation), pursuant to 8 CFR 241.7, check here. ☐

Departure Verified by: _____
(Signature and title of immigration officer)

ICE Form I-205 (8/07)                                                          Page 2 of 2

2



UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
OTERO IMMIGRATION COURT

| | |
|---|---|
| Respondent Name:<br>VILORIA-AVILES, ADRIAN ARTURO | A-Number:<br>[redacted] |
| To:<br>VILORIA-AVILES, ADRIAN ARTURO<br>C/O DHS/ICE<br>BLUEBONNET DETENTION FACILITY<br>400 2ND ST<br>ANSON, TX 79501 | Riders:<br>In Removal Proceedings<br>Initiated by the Department of Homeland Security<br>Date:<br>06/20/2025 |

### ORDER OF THE IMMIGRATION JUDGE

☑ This is a summary of the oral decision entered on 06/20/2025. The oral decision in this case is the official opinion, and the immigration court issued this summary for the convenience of the parties.

☑ Both parties waived the issuance of a formal oral decision in this proceeding.

### I. Removability

The immigration court found Respondent ☐ removable ☑ inadmissible under the following Section(s) of the Immigration and Nationality Act (INA or Act): 212(a)(6)(A)(i) and 212(a)(7)(A)(i)(I)

The immigration court found Respondent ☐ not removable ☐ not inadmissible under the following Section(s) of the Act:

### II. Applications for Relief

Respondent's application for:

A. Asylum/Withholding/Convention Against Torture

☑ Asylum was ☐ granted ☐ denied ☑ withdrawn with prejudice ☐ withdrawn without prejudice

☑ Withholding of Removal under INA § 241(b)(3) was ☐ granted ☐ denied ☑ withdrawn with prejudice ☐ withdrawn without prejudice

☑ Withholding of Removal under the Convention Against Torture was ☐ granted ☐ denied ☑ withdrawn with prejudice ☐ withdrawn without prejudice

☑ Deferral of Removal under the Convention Against Torture was ☐ granted ☐ denied ☑ withdrawn with prejudice ☐ withdrawn without prejudice

☐ Respondent knowingly filed a frivolous application for asylum after notice of the consequences. See INA § 208(d)(6); 8 C.F.R. §1208.20

3

B. Cancellation of Removal
- ☐ Cancellation of Removal for Lawful Permanent Residents under INA § 240A(a) was ☐ granted ☐ denied ☐ withdrawn with prejudice ☐ withdrawn without prejudice
- ☐ Cancellation of Removal for Nonpermanent Residents under INA § 240A(b)(1) was ☐ granted ☐ denied ☐ withdrawn with prejudice ☐ withdrawn without prejudice
- ☐ Special Rule Cancellation of Removal under INA § 240A(b)(2) was ☐ granted ☐ denied ☐ withdrawn with prejudice ☐ withdrawn without prejudice

C. Waiver
- ☐ A waiver under INA § was ☐ granted ☐ denied ☐ withdrawn with prejudice ☐ withdrawn without prejudice

D. Adjustment of Status
- ☐ Adjustment of Status under INA § was ☐ granted ☐ denied ☐ withdrawn with prejudice ☐ withdrawn without prejudice

E. Other

### III. Voluntary Departure

- ☐ Respondent's application for ☐ pre-conclusion voluntary departure under INA § 240B(a) ☐ post-conclusion voluntary departure under INA § 240B(b) was ☐ denied.
- ☐ Respondent's application for ☐ pre-conclusion voluntary departure under INA § 240B(a) ☐ post-conclusion voluntary departure under INA § 240B(b) was ☐ granted, and Respondent is ordered to depart by _____. The respondent must post a $ bond with DHS within five business days of this order. Failure to post the bond as required or to depart by the required date will result in an alternate order of removal to taking effect immediately.
- ☐ The respondent is subject to the following conditions to ensure his or her timely departure from the United States:

- ☐ Further information regarding voluntary departure has been added to the record.
- ☐ Respondent was advised of the limitation on discretionary relief, the consequences for failure to depart as ordered, the bond posting requirements, and the consequences of filing a post-order motion to reopen or reconsider:

If Respondent fails to voluntarily depart within the time specified or any extensions granted by the DHS, Respondent shall be subject to a civil monetary penalty as provided by relevant statute, regulation, and policy. *See* INA § 240B(d)(1). The immigration court has set
- ☐ the presumptive civil monetary penalty amount of $3,000.00 USD
- ☐ $ USD instead of the presumptive amount.

If Respondent fails to voluntarily depart within the time specified, the alternate order of removal shall automatically take effect, and Respondent shall be ineligible, for a period of

4

10 years, for voluntary departure or for relief under sections 240A, 245, 248, and 249 of the Act, to include cancellation of removal, adjustment of status, registry, or change of nonimmigrant status. *Id.* If Respondent files a motion to reopen or reconsider prior to the expiration of the voluntary departure period set forth above, the grant of voluntary departure is automatically terminated; the period allowed for voluntary departure is not stayed, tolled, or extended. If the grant of voluntary departure is automatically terminated upon the filing of such a motion, the penalties for failure to depart under section 240B(d) of the Act shall not apply.

If Respondent appeals this decision, Respondent must provide to the Board of Immigration Appeals (Board), within 30 days of filing an appeal, sufficient proof of having posted the voluntary departure bond. The Board will not reinstate the voluntary departure period in its final order if Respondent does not submit timely proof to the Board that the voluntary departure bond has been posted.

In the case of conversion to a removal order where the alternate order of removal immediately takes effect, where Respondent willfully fails or refuses to depart from the United States pursuant to the order of removal, to make timely application in good faith for travel or other documents necessary to depart the United States, to present himself or herself at the time and place required for removal by the DHS, or conspires to or takes any action designed to prevent or hamper Respondent's departure pursuant to the order of removal, Respondent may be subject to a civil monetary penalty for each day Respondent is in violation. If Respondent is removable pursuant to INA § 237(a), then he or she shall be further fined or imprisoned for up to 10 years.

## IV. Removal

☑ Respondent was ordered removed to Venezuela

☐ In the alternative, Respondent was ordered removed to

☐ Respondent was advised of the penalties for failure to depart pursuant to the removal order:

> If Respondent is subject to a final order of removal and willfully fails or refuses to depart from the United States pursuant to the order, to make timely application in good faith for travel or other documents necessary to depart the United States, to present himself or herself at the time and place required for removal by the DHS, or conspires to or takes any action designed to prevent or hamper Respondent's departure pursuant to the order of removal, Respondent may be subject to a civil monetary penalty for each day Respondent is in violation. If Respondent is removable pursuant to INA § 237(a), then he or she shall be further fined or imprisoned for up to 10 years.

## V. Other

☐ Proceedings were ☐ dismissed ☐ terminated with prejudice
  ☐ terminated without prejudice ☐ administratively closed.

☐ Respondent's status was rescinded under INA § 246.

☐ Other:

5

|  |  |  |  |  |  |
|--|--|--|--|--|--|
| | | | | Immigration Judge: ███ |

| Appeal: | Department of Homeland Security: | ☑ waived | ☐ reserved |
|--|--|--|--|
| | Respondent: | ☑ waived | ☐ reserved |

Appeal Due:

## Certificate of Service

This document was served:

Via: [ M ] Mail | [ P ] Personal Service | [ E ] Electronic Service | [ U ] Address Unavailable

To: [ ] Noncitizen | [ M ] Noncitizen c/o custodial officer | [ ] Noncitizen's atty/rep. | [ E ] DHS

Respondent Name : VILORIA-AVILES, ADRIAN ARTURO | A-Number : ███

Riders:

Date: 06/20/2025  By: ███

6